JODI LINKER, Bar No. 230273
Federal Public Defender
Northern District of California
CANDIS MITCHELL, Bar No. 242797
Assistant Federal Public Defender
19th Floor Federal Building - Box 36106
450 Golden Gate Avenue
San Francisco, CA 94102
Telephone:	(415) 436-7700
Facsimile:	(415) 436-7706
Email:	Candis_Mitchell@fd.org

Counsel for Defendant Hernandez Turcios

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **United States of America,**<br><br>Plaintiff,<br><br>v.<br><br>**Franklin Hernandez Turcios,**<br><br>Defendant. | **Case No.:** CR 24–390 WHO<br>           CR 24-524 WHO<br><br>**Defendant's Sentencing Memorandum**<br><br>**Court:**       Courtroom 2, 17th Floor<br>**Hearing Date:** March 13, 2025<br>**Hearing Time:** 1:30 p.m. |

INTRODUCTION

In search of a better life, Franklin Hernandez Turcios came to the United States with the hope of working to support his family. However, upon his arrival, he struggled to meet the financial demands of supporting both himself and his loved ones. Faced with mounting pressures, Mr. Hernandez Turcios made the unfortunate decision to engage in drug sales.

As a result, Mr. Hernandez Turcios is now charged with drug sales and reentering the country following deportation in CR 24-390, as well as violating supervised release in CR 24-524. He deeply regrets his actions and takes full responsibility for his choices. Acknowledging the wrongfulness of his conduct, Mr. Hernandez Turcios, through undersigned counsel, respectfully submits this memorandum in support of his request for a sentence below the Guidelines. Specifically, he seeks a sentence of 30 months, followed by three years of supervised release as a concurrent sentence for all pending charges. This request is consistent with the recommendation made by his assigned Probation Officer.

SENTENCING GUIDELINES

In sentencing Mr. Hernandez Turcios, this Court must consider the directives set forth in 18 U.S.C. § 3553(a); the Guidelines are only one factor among many to be considered by the Court.[1] Mr. Hernandez Turcios agrees with the Guidelines calculation in the Presentence Report (PSR) as to CR 24-390. As a result, his total offense level would be 22 with a Criminal History Category of III—resulting in an advisory guideline range of 51 to 63 months.

For the violation of supervised release alleged in CR 24-524, the recommended range is 15-21 months as—at the time of the original conviction—Mr. Hernandez Turcios was Criminal History Category II and the admitted allegations are grade A violations.[2]

//
//
//

---

[1] *See United States v. Booker*, 543 U.S. 220 (2005); *Kimbrough v. United States*, 128 S. Ct. 558, 570 (2007).
[2] 24-cr-00524-WHO, Dkt. 3, Superseding Petition for Warrant to Revoke Supervised Release (CR2101124-TUC-SHR(MSA))

DEFENDANT'S SENTENCING MEMORANDUM
*HERNANDEZ TURCIOS*, CR 24–390 WHO; CR 24-524 WHO

1

**1. Mr. Hernandez Turcios' proposed Guideline calculations**

*Possession with Intent to Distribute*
Base Offense Level, U.S.S.G. § 2D1.1 ................................................................... 24

*Illegal Reentry Following Removal*
Base Offense Level, U.S.S.G. § 2L1.2 ..................................................................... 8
Offense after Felony, U.S.S.G. § 2L1.2(b)(1)(A) ................................................... +4
Other Felony Offense, U.S.S.G. § 2L1.2(b)(2)(D) ................................................. +4

*Grouping*
Increase in Offense Level, U.S.S.G. § 3D1.4 ........................................................ +1

Acceptance of Responsibility, U.S.S.G. § 3E1.1 ................................................... -3

Total Offense Level ................................................................................................ 22
Criminal History Category ..................................................................................... III
Guideline Range ....................................................................................... 51-63 months

Mr. Hernandez Turcios' Request ........................ 30 months, 3 years supervised release

Both charged offenses in CR 24-390 carry a maximum statutory penalty of up to 20 years in prison. The maximum term of supervised release for Count 1 is three years' supervised release, five years' probation, and $1,000,000 fine. The maximum term of supervised release for Count 2 is five years' supervised release, five years' probation, and $250,000 fine. Each count has a required $100 special assessment for a total special assessment of $200.

SECTION 3553(a) FACTORS

"The overarching statutory charge for a district court is to impose a sentence sufficient, but not greater than necessary" to achieve the goals of § 3553(a).[3] Those goals include the need to: (1) reflect the seriousness of the offense; (2) promote respect for the law; (3) provide just punishment for the offense; (4) afford adequate deterrence to criminal conduct; (5) protect the public from further crimes of the defendant; and (6) provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.[4] Section 3553(a) also directs the Court to consider additional factors, including: the nature and circumstances of the offense, § 3553(a)(1); the history and characteristics of the defendant, § 3553(a)(1); the kinds of

---

[3] *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008) (internal quotations omitted).
[4] *See* 18 U.S.C. § 3553(a)(2).

DEFENDANT'S SENTENCING MEMORANDUM
*HERNANDEZ TURCIOS*, CR 24–390 WHO; CR 24-524 WHO

2

sentences available, § 3553(a)(3); the sentencing guideline range, § 3553(a)(4); pertinent Sentencing Commission policy statements, § 3553(a)(5); the need to avoid unwarranted sentencing disparities, § 3553(a)(6); and the need to provide restitution to any victims of the offense, § 3553(a)(7).

Mr. Hernandez Turcios addresses these concerns below and argues that a concurrent sentence of 30 months and three years' supervised release would be sufficient but not greater than necessary to achieve the sentencing goals of §3553(a).

1. **The history and characteristics of the defendant and the nature and circumstances of the offense**

Born in Honduras, Mr. Hernandez Turcios faced significant struggles during his childhood, growing up in a one-room house with his parents and siblings. His father often punished him harshly, using a belt whenever he believed Mr. Hernandez Turcios misbehaved. The beatings left bruises on his body, which went untreated, as his father typically struck him on his back, where the injuries were not visible to others. Unfortunately, Mr. Hernandez Turcios was not the only one who suffered. His mother also endured emotional and physical abuse at the hands of his father, who would frequently argue with her and even hit her in front of the children. On one occasion, when Mr. Hernandez Turcios was very young, he tried to defend his mother by throwing a plastic glass at his father's back during one of his attacks.

As a child, Mr. Hernandez Turcios' father worked long hours as a mason and doing additional construction work to support the family. His mother sold Avon products door-to-door, and as a result, Mr. Hernandez Turcios and his siblings were often left at home alone. He recalls the moments spent with his siblings in the absence of their father as some of his fondest memories. A favorite pastime was listening to music that their father would not allow when he was home. The children would cross their fingers, hoping they would not get caught, as their father would punish them if he heard the music.

Mr. Hernandez Turcios also fondly remembers his mother's return from work, when she would often bring small treats, like chocolates or cookies, for the children. However, mealtime was difficult—there was no dining room, so they ate their meals in the same room where they slept. Despite their poverty, his mother made sure there was always food, usually beans and rice, and Mr.

Hernandez Turcios appreciated it even more when the meal included chicken or fried potatoes.

Christmas was Mr. Hernandez Turcios' favorite holiday. His mother always made a special effort to ensure they had new outfits to wear on Christmas Eve. In their community, it was customary to wear special outfits for both December 24th and 31st. Though his mother could not afford to buy two outfits for each child, she compensated by preparing tamales and a special fried dessert during the holidays.

At the age of 14, Mr. Hernandez Turcios left school after the 8th grade to work as a mason's assistant to help support his family. He had a passion for natural sciences and had once dreamed of becoming a pilot—a dream he carried since childhood. In a bittersweet moment, his first time on a plane was when he was deported from the United States and returned to Honduras.

Fortunately, Mr. Hernandez Turcios' mother eventually separated from his father. She and Mr. Hernandez Turcios' two youngest siblings moved to the United States, where they currently reside. In the States Mr. Hernandez Turcios found work in construction and later at a liquor store, where he handled maintenance and restocking. Throughout this time, he spent his money to support his mother, his younger siblings, and his own family, including his two young children in Honduras.



Image 1. Mr. Hernandez Turcios' daughters.

In 2018, Mr. Hernandez Turcios met his current partner, Marlon Hernandez Gonzales. Although they have not formalized their relationship through a church or civil marriage, they have remained committed to each other. Together, they have two daughters, aged three and four. Unfortunately, their youngest daughter was diagnosed with an umbilical hernia, a condition where part of the intestine or fatty tissue pushes through a weak spot in the muscles near the belly button. This causes a noticeable bulge. While umbilical hernias are common in infants and often resolve on their own, Mr. Hernandez Turcios' daughter's hernia has yet to resolve and the family is hopeful that their daughter's condition will improve. As a contingency, they are saving money for the possibility of surgery, as the hernia has persisted beyond the time it was presumed to resolve in infancy.

In April 2024, Mr. Hernandez Turcios was arrested for possession of fentanyl with intent to distribute in San Francisco's Tenderloin district after selling drugs to an undercover officer. As a result, his case was federally prosecuted, and his supervision from a 2021 conviction for illegal reentry in Arizona was transferred to the Northern District of California to resolve the violation of supervised release. Mr. Hernandez Turcios readily admitted to his actions, including his return to the U.S. without permission and his involvement in drug sales and supervised release violation, and he pled guilty under a plea agreement.

**2.  The need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense and to afford adequate deterrence to criminal conduct**

The requested sentence is significantly tailored to Mr. Hernandez Turcios and, thus, reflects the seriousness of the offense, promotes respect for the law and provides just punishment for the offense and serves and an adequate deterrence to criminal conduct. While a variance from the standard sentence imposed in this type of case, the requested sentence will be a specific deterrent to Mr. Hernandez Turcios as the sentence is a marked increase over the previous sentences that he has received. Prior to this conviction, his longest previous sentence was seven months. The requested sentence is more than three times longer than that sentence. A concurrent sentence for 30 months with an indetermined amount of time to follow in immigration custody before a presumptive deportation represents a sufficient sentence for Mr. Hernandez Turcios.

**3. The need for the sentence imposed to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner**

Mr. Hernandez Turcios speaks and reads Spanish fluently and plans on using his time in custody productively but has no plans to continue his formal education as he plans to return to Honduras to work in construction. Though he would not consider himself to be a person who suffers from a substance abuse disorder, Mr. Hernandez Turcios has fallen victim to the lure of substance abuse. He would recreationally use cocaine on weekends and was using fentanyl right before he was arrested. He began using fentanyl after he began having pain in his kidneys and he did not have access to regular medical care. After he started using fentanyl, he tried to ween himself off of the drugs on multiple occasions. To do so, he successfully completed a drug program and went to AA for a few months multiple times a week and would remain sober for a period of time before he suffered from a relapse.

Mr. Hernandez Turcios would not be opposed to participation in the Bureau of Prisons' Residential Drug Abuse Treatment Program but practically realizes that immigrants who cannot benefit from the reduction of sentence are discouraged from participating in the program if spaces are limited.

**4. Any pertinent policy statement**

Addressed above.

**5. The need to provide restitution to any victims of the offense**

There are no identified victims seeking restitution in this matter.

//
//
//
//
//
//

CONCLUSION

Mr. Hernandez Turcios recognizes the harm caused by his activities and deeply regrets the decisions that led to this criminal conduct.

The facts before the Court establish compelling reasons to sentence Mr. Hernandez Turcios to a variance with a concurrent sentence on both counts and for his supervised release violation. Such a sentence would adequately balance the necessity of meting out sufficient punishment for the instant offense, while also simultaneously accounting for the myriad countervailing sentencing objections and considerations provided for in 18 U.S.C. § 3553(a). Especially considering this sentence would be three times as long as his prior sentence, the physical abuse and profound poverty he suffered as a child, and that he faces additional custodial detention in immigration custody following the conclusion of his federal sentence.

Accordingly, Mr. Hernandez Turcios requests that the Court sentences him to a term of 30 months and three years of supervised release on each of Counts One and Two, all counts to be served concurrently in CR 24-390. Mr. Hernandez Turcios additionally requests a sentence of six months with no supervision to follow to be served in CR 24-524, to be served concurrently with the sentence in CR 24-390.

Dated:   March 6, 2025

Respectfully submitted,

JODI LINKER
Federal Public Defender
Northern District of California

      /S
CANDIS MITCHELL
Assistant Federal Public Defender